UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

LANDMARK LEGAL FOUNDATION )
19415 Deerfield Avenue, Suite 312 )
Leesburg, VA 20176 )
)
      PLAINTIFF, )
)
v. )
)
CENTRAL INTELLIGENCE AGENCY )
Office of General Counsel )
Washington, DC 20505 )
)
      DEFENDANT. )

**COMPLAINT FOR DECLARATORY JUDGMENT**

Jurisdiction and Venue

1. This action is brought under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, to compel the defendant Central Intelligence Agency ("CIA") to comply with its statutory obligations under that statute.

2. This Court has jurisdiction under 28 U.S.C. § 1331.

3. Venue is proper under 5 U.S.C. § 552(a)(4)(B).

Parties

4. Plaintiff, Landmark Legal Foundation ("Landmark"), is a non-profit public interest law firm organized in 1976 that engages in advocacy, research, education and litigation to promote public debate concerning public policy issues. Landmark's central mission is informing the public about public policy issues.

5. Landmark is not a commercial enterprise for the purposes of the fee waiver provisions of FOIA, 5 U.S.C. § 552(a)(4)(A)(iii).

6.  Defendant, CIA, is an agency of the United States of America subject to the requirements of FOIA. *See* 5 U.S.C. § 552(f).

## Statement of Facts

7.  On January 21, 2009, President Barack Obama issued his Memorandum for the Heads of Executive Departments and Agencies. That memorandum declares that

> [t]he government should not keep information confidential merely because public officials might be embarrassed by disclosure, because errors or failures might be revealed, or because of speculative or abstract fears. Nondisclosure should never be based on an effort to protect the personal interests of Government officials at the expense of those they are supposed to serve. In responding to requests under the FOIA, executive branch agencies should act promptly and in a spirit of cooperation, recognizing that such agencies are servants of the public. . . . All agencies should adopt a presumption in favor of disclosure, in order to renew their commitment to the principles embodied in FOIA, and to usher in a new era of open Government. The presumption of disclosure should be applied to all decisions involving FOIA.

8.  On January 22, 2009, the President issued an Executive Order ending the CIA's use of certain enhanced interrogation practices.

9.  On or about April 16, 2009, the President declassified and released to the public four Office of Legal Counsel memoranda that provided detailed guidance for the CIA's use of enhanced interrogation practices.

10. On April 23, 2009 the *Washington Post* reported that Speaker of the United States House of Representatives Nancy Pelosi stated that she and other members of Congress "were never briefed about the use of an enhanced interrogation practice." The *Washington Post* article, "Pelosi Denies Knowing Interrogation Techniques Were Used," noted that "top lawmakers were told of the existence of legal opinions supporting the rationale for waterboarding detainees, but [were] never told that it was actually being used, according to Pelosi." The article quoted Ms. Pelosi as saying "Flat out, they never

briefed us that this was happening . . . We were not -- I repeat -- were not told that waterboarding or any of these other enhanced interrogation methods were used."

11.  Other members of Congress have publicly stated that Speaker Pelosi and other members of Congress were briefed by the CIA concerning its use of enhanced interrogation practices as early as 2002.

12.  On April 27, 2009, Landmark submitted a FOIA request to the CIA ("Landmark's FOIA request"). That request sought the release of the following records from January 1, 2002 until January 22, 2009:

> 1. Records reflecting the names of members of Congress, congressional staff, or any other private or public official present and dates, times and locations for each and every CIA "enhanced interrogation technique" briefing[] referenced herein. "Enhanced Interrogation technique" shall include, but not be limited to, waterboarding. "Members of Congress" shall include, but not be limited to:
>    a. Rep. Nancy Pelosi;
>    b. Rep. Jane Harmon;
>    c. Rep. Porter J. Goss;
>    d. Sen. Bob Graham;
>    e. Sen. John D. Rockefeller IV; and/or
>    f. Sen. Pat Roberts.
>
> 2. Materials, agenda, handouts, memoranda, displays, reports, photos, video, audio or any other media used during each and every CIA "enhanced interrogation technique" briefing referenced herein. "Enhanced Interrogation technique" shall include, but not be limited to, waterboarding.
>
> 3. All minutes, notes, video or audio recordings, transcripts or any other records prepared during or after and summarizing or detailing the contents of each and every CIA "enhanced interrogation technique" briefing referenced herein. "Enhanced Interrogation technique" shall include, but not be limited to, waterboarding.

(Exhibit A, attached hereto.)

13. Landmark's FOIA request sought expedited processing pursuant to 5 U.S.C. § 552(a)(6)(E)(i), because of the immediate importance of the requested information. Landmark further sought a fee waiver pursuant to 5 U.S.C 552(a)(4)(A)(iii) on the grounds that the requested records are sought for public education purposes.

14. By letter dated May 8, 2009, the CIA's Information and Privacy Coordinator, Delores M. Nelson, acknowledged Landmark's FOIA request, granted Landmark's requests for expedited processing and fee waiver, and stated that the CIA would process the request in accordance with FOIA, 5 U.S.C. § 552, and the CIA Information Act, 50 U.S.C § 431.

15. The CIA did not respond Landmark's FOIA request within 20 days of its receipt of the request as required by 5 U.S.C. 552(a)(6)(A)(i).

16. The CIA encouraged Landmark not to file an administrative appeal claiming that it would delay the production of information. Landmark relied on the CIA's representation and delayed filing its administrative appeal for five weeks.

17. After Landmark's repeated attempts to obtain the CIA's compliance with its FOIA request, on July 15, 2009, Landmark submitted an administrative appeal to the CIA's Agency Release Panel, seeking processing of Landmark's FOIA request and release of non-exempt documents ("Landmark's appeal"). (Exhibit B, attached hereto.)

18. By letter dated July 29, 2009, the CIA's Information and Privacy Coordinator, Delores M. Nelson, acknowledged Landmark's appeal. However, the CIA has not timely responded to Landmark's appeal.

19. Landmark has fully exhausted its administrative remedies. 5 U.S.C. § 552(a)(6)(C).

### Count I

20. Plaintiff realleges paragraphs 1 through 19 as if fully set forth herein.

21. The CIA is subject to the FOIA requirements. 5 U.S.C. § 552(f)(1).

22. In failing to process Landmark's request in a timely manner, it has not complied with its obligations under the Act. Specifically, the CIA has not responded to Landmark's FOIA request within the time limits required by 5 U.S.C. §552(a)(6)(A) and (B).

23. The CIA's failure to respond as required by law is preventing Landmark and the public from learning whether and to what extent members of Congress were briefed concerning the CIA's use of enhanced interrogation practices.

WHEREFORE, Plaintiff respectfully requests that this Court give this matter expedited consideration and prays further that this Court:

1. Enter an Order declaring that the CIA:

    (a) must immediately respond to Landmark's FOIA request pursuant to 5 U.S.C. § 552(a)(6)(A)(i); and

    (b) must immediately produce all wrongfully withheld, non-exempt agency records that are responsive to Landmark's FOIA request. 5 U.S.C. § 552(a)(4)(B); and

    (c) must immediately produce an itemized, indexed inventory of every agency record or portion thereof responsive to Landmark's FOIA request which the CIA asserts to be exempt from disclosure, if any, accompanied by a detailed justification statement covering each refusal to release records or portions thereof in accordance with the indexing requirements of Vaughn v. Rosen, 484 F.2d 820 (D.C. Cir. 1973), cert. denied, 415 U.S. 977 (1974).

2. Award Landmark its attorney fees and costs pursuant to 5 U.S.C. § 552(a)(4)(E).

3. Award Landmark such additional and further relief to which it may be entitled.

Respectfully submitted,

Dated: August 13, 2009

Michael J. O'Neill #478669
Mark R. Levin (VA Bar # 43713)
Landmark Legal Foundation
19415 Deerfield Avenue, Suite 312
Leesburg, VA 20176
703-554-6105

Richard P. Hutchison (MO Bar #34865)
Landmark Legal Foundation
3100 Broadway, Suite 1210
Kansas City, MO 64111
816-931-1175
Of Counsel